UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDRE L. THORNTON,

          Petitioner,

    v.                                     Case No. 22-C-469

DANIEL CROMWELL,

          Respondent.

## DECISION AND ORDER

    Petitioner Andre L. Thornton, who is currently incarcerated at Redgranite Correctional Institution, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks relief from his conviction and sentence for first-degree reckless homicide, as a party to the crime, on the grounds that he is being held in violation of the Constitution, laws, or treaties of the United States. Thornton was convicted in Milwaukee County Circuit Court and was sentenced to twenty-eight years of imprisonment—eighteen years of confinement and ten years of supervision. On June 9, 2022, Respondent filed a motion for summary judgment, asserting that the petition is untimely. For the reasons below, Respondent's motion will be granted and the case dismissed.

## BACKGROUND

    On October 31, 2016, Thornton was convicted in Milwaukee County Circuit Court of first-degree reckless homicide, as a party to the crime, and he was sentenced on December 15, 2016. The Wisconsin Court of Appeals affirmed the judgment of conviction on March 26, 2019. On June 11, 2019, the Wisconsin Supreme Court denied Thornton's petition for review. Thornton did not petition the United States Supreme Court for a writ of certiorari. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for

federal habeas proceedings. In most cases, the limitations period begins to run when the judgment becomes final. 28 U.S.C. § 2254. For the purposes of 28 U.S.C. § 2244(d), the limitations period began on September 9, 2019. Three months later, Thornton filed a state habeas corpus petition, which tolled the time to file a federal habeas corpus petition. After the Wisconsin Court of Appeals denied his petition, the Wisconsin Supreme Court denied the petition on August 11, 2021, restarting the time to file a federal habeas petition. The one-year limitation period ended on April 7, 2022. Thornton filed a petition for writ of habeas corpus with this Court on April 15, 2022.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and make all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for filing a habeas corpus petition in federal court. Under 28 U.S.C. § 2244(d), the one-year period begins to run from the latest of:

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If Thornton filed his petition outside of the one-year limitation period, his application is time-barred. This one-year period can be tolled in two instances. First, the limitations period is tolled for the "time during which a properly filed application for State post-conviction or other review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Second, a court may equitably toll the limitations period if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted).

The deadline for Thornton to file a habeas corpus petition with this Court was April 7, 2022. Thornton claims that his petition is timely because he submitted it to the prison authorities for filing on April 6, 2022. Under the "prison mailbox rule," a federal habeas petition is deemed filed when the petitioner hands it over to the prison authorities for mailing to the district court. *See Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999) (holding that, under the mailbox rule, "for

3

statute of limitations purposes, a [habeas] petition is deemed filed when given to the proper prison authorities and not when received by the district court clerk"). Rule 3(d) of the Rules Governing Section 2254 Proceedings for the United States District Courts provides that "a paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. . . . Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." *See also Harris v. Schaller*, 830 F. App'x 787, 788 (7th Cir. 2020) ("[A] prisoner invoking the rule must prove the date that he deposited his filing with the prison's legal-mail system in one of two ways. He must submit either (1) a declaration under penalty of perjury of the date of deposit with proper postage or (2) evidence (such as a postmark or date stamp) showing that the paper was so deposited and that postage was prepaid." (internal quotation marks and citations omitted)).

Based on the undisputed evidence, the Court concludes that Thornton has not met his burden to establish that his petition was timely filed with the benefit of the mailbox rule. Thornton asserts that he submitted an Interview and Information Request form to the business office requesting a copy of his prison trust account statement to file with his federal habeas petition. Thornton Decl. ¶ 5, Dkt. No. 18; Dkt. No. 18-1 at 2. The business office responded to the request, advising that "inmates may not possess certified trust account statements" and that Thornton should "submit [an] envelope to be mailed with your disbursement." Dkt. No. 18-1 at 2.

Thornton contends that the Interview and Information Request shows that he handed his petition to prison authorities for mailing on April 6, 2022. But Thornton's submission to the business office requesting his trust account statement did not include a disbursement request for postage. In other words, Thornton has not demonstrated that he prepaid for postage on April 6, 2022. He concedes that he first submitted a disbursement request for postage to mail his habeas

4

petition on April 13, 2022. Thornton adduces no other evidence that he submitted his habeas petition to the prison authorities for mailing before that date. In the absence of any reasonable basis to conclude that the habeas petition was timely filed within the statute of limitations period, Thornton's petition is untimely. *See Ingram v. Jones*, 507 F.3d 640, 644 (7th Cir. 2007) (holding that a prisoner may only receive the benefit of the prison mailbox rule if he complies with its requirements).

Thornton requests that the limitations period be equitably tolled. "Equitable tolling of [the] one-year limitations period is an extraordinary remedy that is rarely granted." *Mayberry v. Dittmann*, 904 F.3d 525, 529 (7th Cir. 2018) (internal quotation marks and citations omitted). To satisfy this "high bar," a habeas petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (internal quotation marks and citation omitted). The petitioner bears the burden to establish both elements of the test; "failure to show either element will disqualify him from eligibility for tolling." *Id.* at 529–30.

Thornton has not met his burden to establish that he is entitled to equitable tolling. He makes no argument and offers no evidence to show that he has been diligently pursuing his rights and has not demonstrated that extraordinary circumstances prevented him from filing a timely petition. Thornton's pro se and incarcerated statuses are not "extraordinary" circumstances. *See Gray v. Zatecky*, 865 F.3d 909, 912–13 (7th Cir. 2017) (petitioner's pro se status "describes most habeas corpus petitioners and . . . is not 'extraordinary'"); *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001) ("[H]abeas relief, by definition, is almost always sought by an incarcerated petitioner, and we decline to find that this circumstance is so extraordinary as to warrant the application of this rarely-applied doctrine.").

This Court also considers the "actual innocence" exception that can excuse the untimeliness of Thornton's petition. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013). To invoke the miscarriage of justice exception to AEDPA's statute of limitations, "a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 399 (internal quotation marks and citation omitted). The burden of demonstrating actual innocence is a heavy one and lies with the petitioner. *Buie v. McAdory*, 341 F.3d 623, 626 (7th Cir. 2003). The evidence must be "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Thornton claims two developments since his trial will prove his actual innocence. He maintains that Javell Lyons will testify that the victim shot at Thornton first and that Bradley Lee had fabricated evidence that Thornton had shot the victim during the encounter. Other than his unsupported assertions of actual innocence, he has submitted no affidavits from either individual about their purported testimony or made any other evidentiary proffer to establish he was innocent. In addition, this information is not newly discovered evidence because it could have been discovered with due diligence at or near the time of the trial. Thornton has failed to make a sufficiently persuasive showing of actual innocence by presenting new credible and reliable evidence. Thornton allowed the one-year statute of limitations for federal habeas corpus review to lapse, and he is not entitled to equitable tolling.

## CONCLUSION

For these reasons, Respondent's motion for summary judgment (Dkt. No. 11) is **GRANTED**. Thornton's motion to stay (Dkt. No. 10) is **DENIED as moot**. The Clerk is directed to enter judgment denying the petition as untimely and dismissing the action.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). The Court concludes that its decision is neither incorrect nor debatable among jurists of reason. Accordingly, a certificate of appealability will be denied.

A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event Thornton decides to appeal, he should also request that the court issue a certificate of appealability. Fed. R. App. P. 22(b).

**SO ORDERED** at Green Bay, Wisconsin this 26th day of September, 2022.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge